IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────X

**RITA MAE PERKINS, Individually and as
Personal Representative of the Estate of
WAYNE PHILIP PERKINS, deceased,**

              **Plaintiff,**

              **-against-**

**AIR & LIQUID SYSTEMS
CORPORATION as successor by merger
to BUFFALO PUMPS, INC., et al.,**

              **Defendants**

                                **Civil Action No. 1:13-cv-08561-CM**

───────────────────────────────────────X

**RULE 26(a)(1) INITIAL DISCLOSURE OF DEFENDANT WARREN PUMPS LLC**

    NOW COMES Defendant Warren Pumps LLC ("Warren") and files the following disclosure pursuant to Federal Rule of Civil Procedure 26(a).

    **1.    Rule 26(a)(1)(A)(i) – The name and if known the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of information.**

    All individuals designated by plaintiffs including the following:

    The Plaintiff and members of Plaintiff's family including Rita Mae Perkins.

    All other coworker and product identification witnesses, including but not limited to those designated by Plaintiffs prior to the close of discovery in deposition, disclosure, and discovery responses. By making such designation, Warren does not adopt or concede the accuracy or correctness of any testimony by such individual(s), nor by this disclosure intend to waive any objections to said disclosures.

Any other physicians or medical providers who examined, treated or evaluated Plaintiff or with whom Plaintiff consulted, including, but not limited to, those from whom records have been obtained and the records custodians of those providers or consultants.

Any fact witness designated by any co-defendant, whether or not that co-defendant is still in the case at the time of trial. Warren incorporates by reference the designations of defense fact witnesses who have been identified in this matter by co-defendants and upon whose testimony Warren intends to rely.

Any person identified by Plaintiff in deposition or any discovery responses. Warren reserves the right to cross-examine any fact witness disclosed by Plaintiff.

Any and all records custodians (1) for any of Plaintiff's employers; (2) for companies on whose premises Plaintiff is alleged to have been exposed to asbestos-containing products; (3) for the Social Security Administration or other local, state or federal agencies whose records regarding Plaintiff may not have been obtained.

Warren reserves the right to designate persons most knowledgeable of the market in the geographic area where products to which Plaintiff was allegedly exposed were sold or marketed.

In accordance with FRCP 26(a)(2)(B), Warren pumps will timely supplement this disclosure to include retained experts, including their reports, in accordance with the Court's scheduling order entered in this case.

Due to Plaintiff's failure to respond fully to discovery, Warren is unable to identify any further individuals with knowledge of relevant facts that it intends to call at trial, excluding expert witnesses not yet disclosed. Warren will disclose such fact witnesses in accordance with

the Court's Scheduling Order, the Federal Rules of Civil Procedure, or any other orders that may issue in these actions.

The Person(s) Most Knowledgeable and/or Custodian(s) of Records to be designated by Warren.

Roland Doktor, Warren Pumps, 82 Bridges Avenue, Warren, Massachusetts 01083. He is the manager of Warren Pumps' New Navy Programs. He has been employed by Warren since 1978 and holds a Bachelor of Science Degree in Marine Engineering from the Massachusetts Maritime Academy. Mr. Doktor may testify regarding the manufacture and supply of Warren pumps for U.S. Navy vessels. He may testify to the Navy specifications that these pumps were manufactured for under contracts between Warren and the shipyards and/or the United States Government. Additionally, he may testify to the various levels of command within the government that exercised direct control over the production, design and testing of Warren pumps and enforced compliance with Navy design specifications. He may also testify to the different types of Warren pumps that may have been aboard U.S. Navy vessels and the maintenance of such equipment.

**2. Rule 26(a)(1)(A)(ii) A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Warren may also use any document or exhibit discussed, used, introduced, and/or attached to any deposition that has been or will be taken in this matter.

Warren may also use any exhibit on its Master Exhibit List (attached as Exhibit A), including, but not limited to, documents relating to state of the art, Warren's corporate history,

government regulation of asbestos, medical literature related to asbestos, scientific testing of asbestos products, and U.S. Navy documents related to the operation and maintenance of equipment aboard Navy ships.

Warren may use drawings, headsheets, and manuals for its products which were manufactured for use aboard certain ships at issue to support its defenses, to the extent Plaintiff is able to identify exposure to asbestos sold or supplied with any Warren pump or otherwise identify the specific pump, ship, and time period at issue.  Copies may be obtained upon request to Warren Pumps, LLC., 82 Bridges Ave., Warren, MA 01083 and will be made available to Plaintiff's counsel.

Warren reserves the right to supplement this list and to offer any exhibit offered by any other party. Warren also reserves the right to object to the admissibility of any exhibit listed and it expressly does not waive any arguments it has to the admissibility of post sale evidence by listing these exhibits.

Warren may utilize and rely on documents that will be obtained through the discovery process in this action, either through record collection services, subpoena, request for production, or otherwise, including but not limited to medical records, employment records, any available documents pertaining to projects and/or particular work sites at issue (once it has been determined through the course of discovery which sites and/or projects are at issue with regard to Warren), as well as records which may be designated and/or produced by Plaintiffs and Co-Defendants of Warren in these actions.  Discovery as to the nature of the claims asserted is ongoing and Warren will comply with any applicable rule or pre-trial order as to disclosure of

exhibit lists, reserving the right to offer at trial any relevant document, article or thing based upon issues raised at trial, or that may be needed for rebuttal.

**3.     Rule 26(a)(1)(A)(iii) – A computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Warren is not alleging damages at this time.  This response, however, does not waive any right or interest that Warren may have in asserting a claim for damages, attorney fees, or costs of suit which may be appropriately asserted once the merits of the claims and cross-claims (if any) asserted against it are adjudicated.

**4.     Rule 26(a)(1)(A)(iv) – For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Warren is presently researching this issue and will provide Plaintiff with a response once the information becomes available.

By: /s/ David J. Goodearl
David J. Goodearl (DG 8830)
Attorneys for Warren Pumps LLC
630 Third Avenue, 17th Floor
New York, New York 10017
(212) 486-2400
dgoodearl@leaderberkon.com

Dated: June 26, 2014