**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

RITA MAE PERKINS, Individually and as          CIVIL ACTION NO. 13 Civ 08561 (CM)
Personal Representative of the Estate of WAYNE
PHILIP PERKINS, Deceased,

      Plaintiff,

v.

AIR & LIQUID SYSTEMS CORPORATION as
successor by merger to BUFFALO PUMPS, INC.,
et al.

      Defendants.

**INITIAL DISCLOSURES OF**
**DEFENDANT MAERSK LINE, LIMITED**
**PURSUANT TO F.R.CIV.P. 26(a)(1)**

     NOW COMES Defendant, Maersk Line, Limited, incorrectly identified as the successor-

in-interest to Farrell Lines Incorporated, (hereinafter "Shipowner Defendant"), by and through its

counsel, Thompson Hine LLP, and for Shipowner Defendant's Initial Disclosures pursuant to

F.R.Civ.P. 26(a)(1), states as follows:

    A.    **IDENTIFICATION OF WITNESSES HAVING KNOWLEDGE OF**
         **DISCOVERABLE INFORMATION SUPPORTING CLAIMS OR**
         **DEFENSES.**

Shipowner Defendant identifies the following individuals as likely to have discoverable

information concerning claims or defenses in this matter:

1.    Plaintiff, Rita Mae Perkins.

2.    Co-workers of plaintiff's decedent, Wayne Philip Perkins (whose identities currently are
      not known to Shipowner Defendant).

3.    Current and/or former employees, officers and/or representatives of Maersk Line,
      Limited.

4.    Current and/or former employees, officers and/or representatives of Farrell Lines
      Incorporated.

5.   Jesse Mayo Calhoon (deceased) by deposition taken on November 16, 1983 in *Hannon v. Waterman Steamship Corp.,* U.S.D.C. for E.D. of Louisiana, No. 80-1175(2).

6.   All representatives of all medical institutions that treated Plaintiff's decedent as well as all treating physicians.

7.   All individuals listed in Answers to Interrogatories or mentioned in depositions or any other pleadings.

8.   Shipowner Defendant reserves the right to call witnesses to authenticate any of the documents Shipowner Defendant may seek to introduce at trial.

9.   Shipowner Defendant reserves the right to supplement this witness identification in the event that Shipowner Defendant learns of additional witnesses prior to or during trial.

10.  Shipowner Defendant reserves the right to offer any witness for rebuttal or impeachment.

11.  Shipowner Defendant incorporates by reference all other parties' list of potential fact witnesses and expert witnesses served or filed to date or hereafter in this case, whether or not the party naming any such witness remains in this case at trial.

12.  Shipowner Defendant reserves the right to call or introduce deposition testimony of any named fact witness, expert witness or custodian of records or documents of any party or corporate designee of any party, whether or not such witness or custodian is called by such party to testify, and whether or not the party remains in the case.

13.  Shipowner Defendant reserves the right to amend or supplement this list to reflect information obtained from discovery produced after the date of this filing.  Shipowner Defendant further reserves the right to read additional portions of any depositions of fact witnesses that plaintiff introduces into evidence or to call witnesses identified on the plaintiff's lists or the lists of other defendants, whether or not still a party at the conclusion of trial.

## B.   DISCOVERABLE DOCUMENTS, DATA COMPILATIONS AND OTHER TANGIBLE THINGS.

Shipowner Defendant identifies the following documents, data compilations and/or other

tangible things which may be used to support Shipowner Defendant's claims or defenses, copies

of which have previously been produced to plaintiffs' counsel in other litigation and/or are

available as public records and/or, in the alternative, are available for review through counsel for

Shipowner Defendants:

## Government Documents:

| | Description |
|---|---|
| 1. | United States Coast Guard Navigation and Vessel Inspection Circular No. 5-80 (NVIC 5-80) |
| 2. | United States Coast Guard Navigation and Vessel Inspection Circular No. 6-87 (NVIC 6-87) |
| 3. | United States Coast Guard Navigation and Vessel Inspection Circular No. 3-92 (NVIC 3-92) |
| 4. | Excerpts of Equipment Lists for Merchant Vessels, CG-190, February 16, 1948 |
| 5. | Excerpts of Equipment Lists, Items approved or accepted under Marine Inspection and Navigation Laws, July 1, 1954 |
| 6. | Excerpts of Equipment Lists, Items approved or accepted under Marine Inspection and Navigation Laws, March 1, 1956 |
| 7. | Excerpts of Equipment Lists, Items approved or accepted under Marine Inspection and Navigation Laws, April 1, 1958 |
| 8. | Excerpts of Equipment Lists, Items approved or accepted under Marine Inspection and Navigation Laws, April 1, 1960 |
| 9. | Excerpts of Equipment Lists, Items approved or accepted under Marine Inspection and Navigation Laws, April 2, 1962 |
| 10. | Excerpts of Equipment Lists, Items approved or accepted under Marine Inspection and Navigation Laws, August 1, 1966 |
| 11. | Excerpts of Equipment Lists, Items approved or accepted under Marine Inspection and Navigation Laws, August 1, 1968 |
| 12. | Excerpts of Equipment Lists, Items approved or accepted under Marine Inspection and Navigation Laws, July 1, 1975 |
| 13. | Excerpts of Equipment Lists, Items approved or accepted under Marine Inspection and Navigation Laws, August 1, 1977 |
| 14. | Excerpts of Equipment Lists, Items approved or accepted under Marine Inspection and Navigation Laws, COMDTINST M 16714.3 (old CG-190), August 1, 1979 |
| 15. | Excerpts of Equipment Lists, Items approved or accepted under Marine Inspection and Navigation Laws, COMDTINST M 16714.3 (old CG-190), May 1, 1983 |
| 16. | Excerpts from 46 CFR Parts 50-63 (sub-chapter F), 46 CFR Part 164 (sub-chapter Q) for various years |
| 17. | Memorandum of Understanding between U.S. Coast Guard and OSHA re: Authority to Prescribe and Enforce Standards or Regulations Affecting the Occupations and Safety and Health of Seamen Aboard Vessels Inspected and Certificated by the United |

|     | Description |
| --- | --- |
|     | States Coast Guard, 48 Fed.Reg. 11550-11551, March 13, 1983 |
| 18. | Hearings before the Subcommittee on Coast Guard Navigation and the Subcommittee on Fisheries and Wildlife Conservation and the Environment of the Committee on Merchant Marine and Fisheries, House of Representatives, 96th Congress, regarding Shipboard Asbestos Exposure, January 24 and February 12, 1980, U.S. Government Printing Office, Serial No. 96-41 |
| 19. | Notice of Proposed Rulemaking (NPRM), "Prohibition of Asbestos-Containing Construction Materials," 53 Fed. Reg. 48557-8, December 1, 1988 |
| 20. | Final Rule, "Prohibition of Asbestos-Containing Construction Materials," 54 Fed Reg. 36315-6, September 1, 1989 |

**Publications, Scientific Literature, etc., (e.g., air surveys, industrial hygiene tests, etc.):**

|     | Description |
| --- | --- |
| 21. | USS Great Lakes Fleet, Asbestos-In-Air surveys, engine room – selected vessels dated April 23, 1986. |
| 22. | Industrial Hygiene Survey Report, USS Great Lakes Fleet Services, Inc., dated October 21, 1986 |
| 23. | Fibrous Air Monitoring Report, USS Great Lakes Fleet, Delta Environmental Consultants, Inc., No. 13-90-662, dated January 8, 1991. |
| 24. | Fibrous Air Monitoring and Bulk Sampling Report, USS Great Lakes Fleet, Delta Environmental Consultants, Inc., No. 13-90-021, dated August 10, 1990. |
| 25. | Excerpts from "Design and Construction of Steel Merchant Ships", by Group of Authorities, Society of Naval Architecture and Marine Engineers, 1955 |
| 26. | Assessment of Asbestos Concentrations in the Engine room of Environment of Marine Vessels, Phase I - Contract No. 5-38072; Final Report IITRI Project No. J6449C01 January, 1979 |
| 27. | "Assessment of Asbestos Concentration on Marine Vessels - Maintenance and Repair Operations" MA-RD-930-81027, February, 1981, by U.S. Department of Commerce, Maritime Administration, Office of Research and Development. |
| 28. | Assessment of Asbestos Concentrations in the James River Reserve Fleet - Contract No. MA81-SAC-10050; Report No. MA-RD-930-82084 October, 1982 |
| 29. | Excerpts from Modern Marine Engineer's Manual - Vol. I (1941) Table of Contents, Alan Osbourne, Editor in Chief, US Maritime Commission; Cornell Maritime Press |

| | Description |
|---|---|
| 30. | Excerpts from Modern Marine Engineer's Manual - Vol. II (1943) Table of Contents, Alan Osbourne, Editor in Chief, US Maritime Commission |
| 31. | Excerpts from Modern Marine Engineer's Manual – Vol. II Sect. 18 – Ventilation, by John W. Markert |
| 32. | Excerpts from Modern Marine Engineer's Manual – Vol. II Sect. 19 – Insulation, Based on Best Practice of Leading Manufacturers |
| 33. | "The American Merchant Marine and the Asbestos Environment", by L.D. Polland, Maritime Administration, Division of Naval Architecture, May, 1979 |
| 34. | Coast Guard Washington DC, Dated Dec. 17, 1975 titled SS C.V. SEA WITCH – SS ESSO BRUSSELS (Belgium); Collision and Fire in New York Harbor on June 2, 1973 with Loss of Life |
| 35. | Industrial Hygiene Report Regarding Airborne Asbestos and Maritime Shipping Vessels (1978-1992), prepared by ChemRisk/Dennis J. Paustenbach, Ph.D., (dated March 10, 2006) [hereinafter the "ChemRisk Industrial Hygiene Report of March 10, 2006"] |
| 36. | Murbach, D.M., et al., *Airborne Concentrations of Asbestos Onboard Maritime Shipping Vessels (1978-1992),* Ann. Occup. Hyg., Vol. 52, No. 4, pp. 267-279 (2008) |
| 37. | ACGIH – *Threshold Limit Values of Airborne Contaminants Adopted by ACGIH for 1969* |
| 38. | ACGIH – *Documentation of the Threshold Limit Values for Substances in Workroom Air with Supplement for those Substances Added or Changed since 1971* (4th Printing – 1977) |
| 39. | ACGIH – *7th Edition – Documentation of the Threshold Limit Values of Chemical Substances* (2004) |
| 40. | Chapter 19 re "Insulation" from Modern Marine Engineer's Manual - Vol. II (1943), Alan Osbourne, Editor in Chief, US Maritime Commission |
| 41. | Madl, A.K., et al., *Exposure to Airborne Asbestos During Removal and Installation of Gaskets and Packings: A review of published and unpublished studies,* J. Tox. & Env. Health, Part B, 10:259-286 (2007) |
| 42. | Mangold, C., et al., *An Exposure Study of Bystanders and Workers During the Installation and Removal of Asbestos Gaskets and Packing,* J. Occ. & Env. Hyg., 3:87-98 (2006) |
| 43. | Williams, P.R., et al., *A Review of Historical Exposures to Asbestos Among Skilled Craftsmen (1940-2006),* J. Tox. & Env. Health, Part B, 10:319-377 (2007) |
| 44. | Donovan, E.P., et al., *Evaluation of bystander exposures to asbestos in occupational settings: A review of the literature and application of simple eddy diffusion model,* Crit. Rev. in Toxicology, 1-23 (2010), Early Online |

45. A Certificate of Good Standing (or its equivalent) for Maersk Line, Limited from the Delaware Secretary of State.

46. A Certificate of Good Standing (or its equivalent) for Farrell Lines Incorporated from the Delaware Secretary of State.

47. Copies of medical records for plaintiff's decedent.

48. Copies of the Certificate of Death for plaintiff's decedent.

49. Maersk Line, Limited's Answer filed in the plaintiff's original state court action, Index No. 190350/2013, in the Supreme Court of New York, County of New York, on 11/25/2013 (e.g., prior to the removal of this civil action to federal court) and in which Answer Maersk Line, Limited specifically denied that it is the successor in interest to Farrell Lines Incorporated.

50. Shipowner Defendant reserves the right to introduce the U.S. Coast Guard Discharge Certificates of Plaintiff's decedent, Wayne Philip Perkins.

51. Shipowner Defendant reserves the right to introduce MARAD Vessel Status Cards for any vessel at issue in the above-captioned matter.  [MARAD Vessel Status Cards are public records maintained by the U.S. Department of Transportation, Maritime Administration ("MARAD").]

52. Discovery into the above-captioned matter is continuing and Shipowner Defendant reserves the right to amend or supplement this identification of documents, data compilations and/or tangible things.

53. Shipowner Defendant incorporates by reference all other parties' list of potential documents, data compilations and/or tangible things served or filed to date or hereafter in this case, whether or not the party naming any such document, data compilation or tangible thing remains in this case at trial.

## C. COMPUTATION OF DAMAGES.

Not applicable.

## D. INSURANCE AGREEMENTS.

Shipowner Defendant does not have "insurance" per se to satisfy judgments which may be

entered against Shipowner Defendant in asbestos litigation.  Over the years, however, Shipowner

Defendant carried protection and indemnity and other policy coverage which may be responsive if plaintiff's decedent sailed aboard vessels owned or operated by Maersk Line, Limited (which Shipowner Defendant denies).  (Maersk Line, Limited further denies that it is the successor-in-interest to Farrell Lines Incorporated.)  Shipowner Defendant shall continue to review historical data regarding such protection and indemnity and other policy coverage.  Shipowner Defendant is in the process of searching for and/or retrieving policies of insurance, if any, which exist and that may be applicable to this litigation.

Dated:  July 7, 2014

RUTHE A. NEPF, ESQ.
THOMPSON HINE LLP
335 Madison Avenue
12th Floor
New York, NY 10017
Telephone:  (212) 344-5680
Ruthe.Nepf@thompsonhine.com

*Attorneys for Shipowner Defendant*
*Maersk Line, Limited, incorrectly identified as the*
*successor-in-interest to Farrell Lines Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2014, a copy of the foregoing paper was filed with the Court and served electronically this day and is available for viewing from the Court's ECF (Electronic Case Filing) system to all counsel of record and to those registered to receive a Notice of Electronic Filing for this case.

Notice of this filing will be sent to all counsel of record via the Court's ECF system.

Ruthe Nepf
*Attorney for Shipowner Defendant*
*Maersk Line, Limited, incorrectly identified as the*
*successor-in-interest to Farrell Lines Incorporated*

PH#9729