UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RITA MAE PERKINS, Individually and as personal
Representative of the Estate of Wayne Philip Perkins
Deceased,

                          Plaintiffs,

                                          CASE No.: 1:13-cv-08561-CM

                           v.

AIR & LIQUID SYSTEMS
CORPORATION as successor by merger to
Buffalo Pumps Inc., et al.,
                        Defendants,

---

## DEFENDANT ARMSTRONG INTERNATIONAL INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Defendant, **ARMSTRONG INTERNATIONAL, INC. ("Armstrong")**, hereby makes the following initial disclosures in accordance with the Court's Scheduling Order and Federal Rule of Civil Procedure 26(a)(1) and incorporates herein the following statement:

### PRELIMINARY STATEMENT

This case is in the preliminary phases of discovery and investigation. The initial disclosures set forth below are necessarily made without full knowledge of the facts, circumstances, and legal theories involved in this case and are made in a good faith effort to comply with Fed. R. Civ. P. 26(a)(1).

These disclosures do not include information that may be used solely for impeachment or rebuttal purposes. In making these disclosures, Armstrong does not represent that it is identifying every individual, document or tangible thing upon which it may rely to support its defense. Plaintiffs have not yet produced evidence or otherwise identified specific asbestos-containing products associated with Armstrong which plaintiffs allege caused plaintiff's injury. Accordingly, Armstrong has not yet had an opportunity to complete its investigation of the facts relating to these cases, has not completed discovery in these matters, and has not completed preparation for trial. Further discovery, investigation, legal research and analysis may supply additional facts and new meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to substantial changes, modifications, additions to, and variation from the disclosures. Accordingly, Armstrong reserves its right to amend these disclosures in accordance with subsequent developments and further makes these disclosures without prejudice to its right to produce facts, witnesses, documents and other evidence omitted from these responses by oversight, inadvertence, good faith error or mistake.

Armstrong further notes that the information set forth in these disclosures may include hearsay and other forms of information that are unreliable, irrelevant, or not otherwise admissible in evidence. Armstrong therefore reserves all objections relating to the admissibility of evidence.

Specifically, Armstrong reserves and asserts objections to testimony and production of documents and tangible things that are protected from discovery by the following privileges: trial preparation materials, attorney work product, consulting expert materials, attorney-client communications and information that are confidential, proprietary and trade secret. Armstrong also reserves and asserts objections to the disclosure of any information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence

### Rule 26(a)(1) Initial Disclosures:

(A)   The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**RESPONSE:**

1. Plaintiffs in this action.

2. Plaintiff's treating health care providers and pharmacists.

3. Plaintiff's relatives, friends, associates, neighbors, employers, military and civilian co-workers and any other individual with discoverable information relevant to this case, including those who may have information relating to plaintiff's medical, occupational, family and lifestyle histories. Armstrong does not know the names or addresses of these individuals at this time but such information may be known by plaintiff or plaintiff's counsel.

4. Any individuals identified by other parties or in documents produced by other parties in initial disclosures or other discovery responses.

5. Armstrong employees and/or witnesses who may testify regarding company background and products. The names of these witnesses are yet unknown and will be identified when plaintiff has identified specific Armstrong asbestos-containing products to which plaintiff alleges exposure.

6. Any experts.

7. Any necessary impeachment or rebuttal witnesses.

It is not reasonably possible for Armstrong to identify with specificity at this time every individual likely to have "discoverable information" that Armstrong may use to support its claims or defenses. Since Armstrong's discovery in this case has just begun, Armstrong does not know the full nature and extent of plaintiff's claims against it, other than what is alleged in the complaint. By providing the information above in good faith, Armstrong does not represent that the list identifies all individuals who may have personal knowledge as contemplated pursuant to Rule (26)(a)(1)(A). Armstrong reserves the right to supplement and/or amend this response during or at the close of discovery in this action and to call witnesses not listed in its initial or supplemental disclosures or on court-ordered witness lists to the extent that those witnesses will be called solely for impeachment. The names listed above should not be construed as an admission that any or all of the facts known to the individuals listed are legally relevant or admissible. Armstrong reserves all rights to raise appropriate legal challenges to the admissibility of testimony.

  (B)  A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**RESPONSE:**

  Plaintiff has not yet produced evidence or otherwise identified specific products associated with Armstrong which plaintiff alleges caused any injury. Accordingly, Armstrong cannot complete its investigation of the facts relating to this case and has not completed discovery in this matter. Armstrong reserves the right to supplement this disclosure pursuant to the applicable rules at such time that it has received sufficient information from plaintiff to determine the specific products associated with Armstrong, if any, which plaintiff alleges caused any injury.

  Armstrong discloses the following list of categories of documents that Armstrong may use to support its claims and/or defense:

1. Documents produced in discovery by other parties to this action.

2. Plaintiff's medical and non-medical records, including military, employment, tax and/or any disability, pharmacy, educational, criminal and/or financial records.

3. Journals, datebooks, photographs, diaries or other documents relating to plaintiff's claims, diagnosis, treatment, prognosis, activities, appointments and damages.

4. Any other records of plaintiff that are not specifically referenced above.

5. All depositions taken in this action.

6. All videotapes of deposition taken in this action.

7. All exhibits relied upon by any expert witness.

8. Curriculum vitae of experts and rebuttal experts.

9. Reports of experts and rebuttal experts.

10. Any exhibits on plaintiff's exhibit list.

11. Demonstrative aids and exhibits.

12. All rebuttal and impeachment exhibits.

13. Medical and scientific literature regarding asbestos related disease.

14. Armstrong documents relating to product information and corporate history.

15. Armstrong product samples/exemplars.

Armstrong reserves the right to supplement this response to include any other documents identified during the course of discovery that contain information that it may use to support its defenses in this action, or to modify and/or delete categories of documents.

   (C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE:**

   Not applicable. Armstrong is not claiming damages in this case. Armstrong may seek an award of attorney's fees and costs of suit to the extent allowable under applicable law. The amount of these fees and costs is not yet known.

   (D) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

   Depending on the specific Armstrong products and product lines and dates of alleged exposure at issue, there may be insurance to satisfy part or all of a judgment in this case. Plaintiff has not yet produced evidence or otherwise identified specific products associated with Armstrong which plaintiff alleges caused any injury. Accordingly, Armstrong cannot provide any specific information pertaining to any insurance that may be available at this time.

Dated: July 9, 2014

               /s/ *Thomas M. Beneventano*
               Thomas M. Beneventano, Esq. (TB-7885)
               **LA SORSA & BENEVENTANO**
               3 Barker Avenue, 2ND Floor
               White Plains, NY 10601
               (914) 682-3300

               *Attorneys for Defendant*
               *Armstrong International, Inc.*

## CERTIFICATE OF SERVICE

I, Thomas M. Beneventano, Esquire, do hereby certify that I have served a true and correct copy of the foregoing initial disclosure upon all counsel/parties by electronic filing, on July 9, 2014. This document has been filed electronically and is available for viewing and downloading from the ECF System.

Date:  July 9, 2014

                                                  /s/ *Thomas M. Beneventano*
                                                Thomas M. Beneventano, Esq. (TB-7885)

# LA SORSA & BENEVENTANO

|  | ATTORNEYS AT LAW |  |
|---|---|---|
| Gregory M. La Sorsa | | GERARD MARINO |
| | 3 BARKER AVENUE, WHITE PLAINS, NEW YORK 10601 | DAVID E. DECKER |
| Thomas M. Beneventano | PHONE: 914-682-3300    FAX: 914-682-3740 | ROBERT GILMORE |
| | | MICHELLE DUNLEAVY |
| | | SARA SCHEPPS-MATSCHKE |
| | | FAZIAH GAFUR |

July 9, 2014

Re: RITA MAE PERKINS, Individually and as personal Representative of the Estate of Wayne Philip Perkins Deceased v. Air & Liquid Systems Corporations, et. al.
Southern District of New York Case No: 1:13-cv-08561-CM

Dear Counsel:

Defendant, Armstrong International, Inc., ("Armstrong") for its FRCP 26 (a)(1) Initial Disclosure states the following upon information and belief:

1. Armstrong is currently without any specific information regarding individuals with knowledge of the discoverable information referenced in Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure. It is not reasonably possible for Armstrong to identify with specificity at this time every individual likely to have "discoverable information" that Armstrong may use to support its claims or defenses. Since Armstrong discovery in this case has just begun, Armstrong does not know the full nature and extent of plaintiff's claims against it, other than what is alleged in the complaint.

2. Armstrong is not currently in possession of any documents or things referenced in 26(a)(1)(B) of the Federal Rules of Civil Procedure. Plaintiff has not yet produced evidence or otherwise identified specific products associated with Armstrong which plaintiff alleges caused any injury. Accordingly, Armstrong cannot complete its investigation of the facts relating to this case and has not completed discovery in this matter. Armstrong reserves the right to supplement this disclosure pursuant to the applicable rules at such time that it has received sufficient information from plaintiff to determine the specific products associated with Armstrong, if any, which plaintiff alleges caused any injury.

3. Armstrong is not in possession of any documents or any other information referenced in 26 (a)(1)(C) of the Federal Rules of Civil Procedure.

4. With respect to the requirements of Rule 26 (a)(1)(D) of the Federal Rules of Civil Procedure, Armstrong may have policies of insurance, covering claims for alleged bodily injury. Coverage under the various policies may depend on the dates Plaintiffs allege Mr. Perkins was exposed, the product to which he was allegedly exposed, the type of alleged exposure and other pertinent details.

Very truly yours,

/s/ *Thomas M. Beneventano*
Thomas M. Beneventano (TB-7885)
LA SORSA & BENEVENTANO

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas M. Beneventano, Esquire, do hereby certify that I have served a true and correct copy of the foregoing initial disclosure upon all counsel/parties by electronic filing, on July 9, 2014.
This document has been filed electronically and is available for viewing and downloading from the ECF System.

Date: July 9, 2014

/s/ *Thomas M. Beneventano*
Thomas M. Beneventano, Esq. (TB-7885)