UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────── x

| | |
|---|---|
| RITA MAE PERKINS, Individually and as Personal Representative of the Estate of WAYNE PHILIP PERKINS, deceased, | **Civil Action No. 1:13-cv-08561-CM** |
| Plaintiff(s), | **(Related NYCAL case No. 190350/13)** |
| -against- | |
| AIR & LIQUID SYSTEMS CORPORATION, as successor by merger to BUFFALO PUMPS, INC., *et al.*, | |
| Defendant(s). | |

───────────────────────────────── x

## RULE 26 INITIAL DISCLOSURES OF DEFENDANT VIKING PUMP, INC.

Pursuant to rule 26(1)(1) of the Federal Rules of Civil Procedure, Defendant Viking Pump, Inc. (hereinafter "Viking" or "Defendant") makes the following disclosures:

### GENERAL STATEMENT

Defendant's initial disclosures are made subject to and without intent to waive attorney-client, attorney work-product, and/or other applicable privileges or protections under federal or state law. Additionally, these initial disclosures are not intended to and do not waive any objections Defendant may have to any discovery as these matters proceed. Further, Defendant reserves the right to supplement these initial disclosures as discovery proceeds up to and including at the time of trial for this matter.

**26(a)(1)(A)(I) The name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

RESPONSE:  Without further information from the Plaintiffs regarding their specific claims and allegations against Viking and without any information regarding the alleged Viking product or equipment at issue, Defendant is unable to determine the person most likely to have discoverable information relative to this Defendant.  Individuals who may have knowledge of discoverable information may be identified as discovery proceeds and when information regarding the job site(s), dates of alleged exposure, and circumstances surrounding Plaintiffs' alleged exposure and the specific product or equipment at issue is developed.  At this time, the parties are still in the process of completing work-site research and discovering the nature of the claims and/or cross-claims asserted.  As such, Defendant has not yet determined which experts and/or fact witnesses it intends to call trial, or the scope of their testimony.  Defendant will disclose such expert and fact witnesses, and other discovery information concerning same, in accordance with all applicable rules and/or pre-trial orders relating to such disclosures.

**26(a)(1)(A)(ii) A copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

RESPONSE:  Without further information from the Plaintiffs regarding the specific claims and allegations against Viking and without any information regarding the alleged Viking product or equipment at issue, Defendant is unable to determine the specific documents and/or exhibits it may utilize at the trial of this matter.  Defendant may utilize any remaining and available documents pertaining to products/equipment and/or particular work sites at issue once it has

been determined through the course of discovery those products/equipment and/or work sites that are at issue with specific regard to Defendant. Discovery as to the nature of the claims and/or cross-claims asserted is ongoing. Defendant will comply with all applicable rules and/or pre-trial orders as to the disclosure of exhibit lists and Defendant reserves its right to offer at trial any relevant document, article, or thing based upon issues raised during the course of discovery and/or at the trial of this matter.

**26(a)(1)(A)(iii) A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

RESPONSE:   Defendant is not claiming damages at this time. This response, however, does not constitute a waiver of any right or interest that Defendant may have in asserting a claim for damages, attorney's fees, and/or costs of suit, which may be appropriately asserted once the merits of the claims an/or cross-claims asserted against Defendant have been evaluated and adjudicated.

**26(a)(1)(A)(iv) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

RESPONSE:   Without further information from the Plaintiffs regarding their specific claims and allegations against Viking, including but not limited to dates of Plaintiffs' alleged exposure and products/equipment at issue, Defendant is unable to provide any responsive information. Defendant will comply with all applicable rules and/or pre-trial orders as to the disclosure of relevant insurance information.

Date:  New York, New York
       July 9, 2014

                                                   /S/
David P. Schaffer, Esq.
**MALABY & BRADLEY, LLC**
Attorneys for Defendant
Viking Pump, Inc.
150 Broadway, Suite 600
New York, New York 10038
(212) 791-0285
E-mail: dpschaffer@mblaw.net

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing "Rule 26 Initial Disclosures of Defendant Viking Pump, Inc." was electronically filed with The United States District Court for the Southern District of New York, this 9th day of July, 2014.

/S/
David P. Schaffer, Esq.
