UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RITA MAE PERKINS, Individually and as
Personal Representative of the Estate of
WAYNE PHILIP PERKINS, Deceased,

                    Plaintiff,

vs.

AIR & LIQUID SYSTEMS
CORPORATION as successor by merger to
BUFFALO PUMPS, INC., et. al.

                    Defendants.

Civil Action No.:

1:13-CV-08561 – CM – RLE

## DEFENDANT WILLIAM POWELL'S INITIAL DISCLOSURES

      Defendant, WILLIAM POWELL CO., ("Powell") pursuant to Fed. R. Civ. P. 26(a)(1), hereby submits its initial disclosures. Powell's investigation of this matter is continuing and these initial disclosures are made based on the information reasonably available to Plaintiff at this time. By making these disclosures, Plaintiff does not state that it is identifying every document, tangible thing or witness relevant or having information pertinent to this Lawsuit. Rather, these disclosures represent Defendant Powell's good faith effort to identify information that it reasonably believes is relevant to a factual matter, discoverable and subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(1). Powell reserves its right to supplement this disclosure in the event that additional witnesses and/or documents are identified. Powell submits its initial disclosures subject to and without waiving:

      1.     The right to object to production of any particular document or tangible thing on the basis of any privilege, the work product doctrine, competence, relevancy,

materiality, hearsay, undue burden or any other proper ground, or to the use of any such information for any purpose, in whole or in part, in any subsequent stage of proceeding in this action or in any other action;

2. The right to object on any and all grounds, at any time, to any other discovery proceeding involving or relating to the subject matter of these disclosures; and

3. The right to amend these disclosures to identify persons and categories of documents that support Plaintiff's allegations asserted within the Amended Complaint.

4. All of the initial disclosures set forth herein are made subject to these objections and qualifications.

**A. Persons likely to have discoverable information that Defendant Powell may rely upon to support its claims or defenses, unless solely for impeachment.**

In addition to those individuals identified in Powell's Expert and Fact Witness Disclosure, previously served upon Plaintiff's counsel in New York County Asbestos Litigation, the following persons may have discoverable information that Powell may rely upon to support its claims or defenses in this matter:

1. Plaintiff-decedent's spouse and family members of Plaintiff-decedent, co-workers of Plaintiff-decedent.

2. Physicians and medical practitioners who treated Plaintiff-decedent and/or custodians of records for any medical office, facility or institution where Plaintiff-decedent received treatment and/or any pharmacy from which Plaintiff-decedent filled prescriptions.

3. Any experts retained in this case.

4. Representatives and/or custodians of records of Plaintiff-decedent's union, employers, insurance companies, and/or owners of premises which Plaintiff-decedent worked.

5. Any identified co-worker in the case.

6. Corporative representatives of the William Powell Co.

By identifying the individuals in subparts (a), (b) and (c) above, Defendant does not authorize Plaintiff or anyone acting on Plaintiff's behalf to contact or otherwise communicate with Defendants' current or former officers or employees (or persons who Plaintiffs might claim were acting for and on behalf of any Defendant).

Also, the above disclosures do not identify or otherwise include information concerning experts, as this subject is not covered by Rule 26(a)(1) of the Federal Rules of Civil Procedure. Moreover, since discovery has not yet begun, Defendant is not in a position to identify all persons who may have knowledge of discoverable information that Defendant may use to support its defenses. Defendant reserves the right to identify additional persons if it learns during the course of its investigation and discovery in this action that additional persons have knowledge of discoverable information that it may use to support defenses.

By identifying the above individuals, Defendant does not waive its right to assert any and all applicable privileges and protections, including but not limited to the attorney-client privilege and work product doctrine.

**B.     Categories of documents and tangible items that Defendant Powell may use to support its claims or defenses, unless solely for impeachment.**

In accordance with Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure, and in addition to those documents identified in Powell's Exhibit List, previously serve on Plaintiffs' counsel in the New York County Asbestos Litigation, Defendant Powell provides a general description of the documents and tangible things in its possession or which it has otherwise identified by category even if not in its possession, which it has identified thus far and may support its' claims and defenses. All such documents and tangible things shall be made available for inspection at a time and place mutually convenient to the parties pursuant to a document request under Fed. R. Civ. P. 34.  These documents do not include those which are public records or are in the hands of third parties.  The description by category of these documents is provided below:

1. Any and all documents and other materials identified or otherwise disclosed by expert witnesses, including, but not limited to, all documents identified in their reports, or considered by them in preparing reports, preparing to testify, or while testifying, as well as their curriculum vitae.

2. Any and all medical records and/or medical material, including but not limited to diagnostic testing reports and films such as CT scans, MRIs, x-rays, gallium scans, tissue samples, slides, or other medical pathology, from any source related to Plaintiff-decedent.

3. Any and all social security records related to Plaintiff-decedent.

4. Any and all employment records related to Plaintiff-decedent.

5. Any and all federal and state tax returns filed by or on behalf of Plaintiff-decedent and his Estate.

6. Any and all proofs of claims filed by or on behalf of Plaintiff-decedent or his Estate.

7. Any and all applicable administrative, government and/or industry regulations and standards related to asbestos, including but not limited to these instituted by the Occupational Safety and Health Administration (OSHA) and the National Institute for Occupational Safety and Health (NIOSH).

8. Interrogatory responses filed by Plaintiff and/or various manufacturers and distributors of asbestos and/or asbestos containing materials which were prepared in other asbestos matters.

9. Medical articles, industrial health literature, and environmental health documents related to the development of knowledge concerning the dangers of asbestos, the development of asbestos related illness, and the development of threshold limit values and permissible exposure limits.

10. Miscellaneous documents regarding standards, threshold limit values, regulations, products of defendants and responsible non-parties, their asbestos content, manufacturer, distribution, advertising, marketing, warnings, directions for us, and other related material, including but not limited to internal memorandum, correspondence, product manuals and similar documents created by various defendants.

11. United States Naval documents and United States Merchant Marine documents regarding general issues related to asbestos, asbestos containing materials, the exposure to asbestos, the design, construction, inspection, modification, maintenance and repair of Naval and Merchant Marine vessels, and the personnel

management, culture, traditions, job and technical specialty classification and training of those in the Navy and Merchant Marine including but not limited to documents concerning specific ships and/or shipyards as well as deposition testimony regarding same, illustrative video clips, specific product lists, military specifications, design diagrams, requirements and regulations related to the design, construction, inspection, modification, maintenance and repair of vessels, deck logs, ship logs, commission records, job and technical specialty classifications and training materials.

12. Union documents regarding general issues related to asbestos, asbestos containing materials, and/or the exposure to asbestos, including but not limited to documents concerning specific trades and/or products as well as deposition testimony regard same, illustrative video clips, specific product lists, specific trade lists, product specifications, product manuals and union member logs.

13. Various documents, where appropriate, related to equipment on any United States Navy vessels on which Plaintiff-decedent served, including but not limited to, documents from the National Archives of the United States, documents related to the repair and overhaul to any equipment on any such ship.

14. Any and all discovery exchanged by and between the parties (Plaintiff, Powell, and any co-defendants) in this case, including but not limited to, responses to interrogatories, responses to requests for admission, and responses to requests for production of documents, witness lists, witness statements, expert lists, expert reports and deposition transcripts of any party or witness hereto including corporate representatives of any asbestos–containing products to which Plaintiff

was exposed and any and all documents identified and/or referred to any of this discovery.

15. The deposition transcripts of defendants' Persons Most Knowledgeable and/or Custodian of Records taken in connection with prior asbestos lawsuits or in connection with this action.

Powell further reserves the right to rely upon any and all documents disclosed, referenced or otherwise identified in any other party's Witness Disclosures, Document Disclosures, Expert Reports and/or Exhibit Lists.

### C. Damages

Powell maintains that it did not cause injury, illness or damages to Plaintiff-decedent. Powell does not have a Counterclaim.

### D. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Powell has various policies of insurance, including primary, excess and umbrella policies covering claims for personal injury. Defendant is unable to provide additional information insofar as the Plaintiff has failed to identify with any specificity the date of manufacturer, the application and/or the model number of any William Powell valve he may have encountered.

July 10, 2014                             /s/ Jessie Christine Basner_____
                                          Jessie Christine Basner, Esq.
                                          Clemente Mueller, P.A.
                                          222 Ridgedale Avenue, 2nd Floor
                                          Cedar Knolls, NJ 07927
                                          Telephone: (973) 455-8008
                                          Facsimile: (973) 455-8118
                                          Email: jbasner@cm-legal.com
                                          *Counsel for Defendant*
                                          *The William Powell Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served by electronic mail using the court's electronic filing system or by mail upon any parties unable to accept electronic filing on this the 10th day of July, 2014.

                                                     /s/ Jessie Christine Basner_____
                                              Jessie Christine Basner, Esq.
                                              Clemente Mueller, P.A.
                                              222 Ridgedale Avenue, 2nd Floor
                                              Cedar Knolls, NJ 07927
                                              Telephone:  (973) 455-8008
                                              Facsimile:  (973) 455-8118
                                              Email:  jbasner@cm-legal.com
                                              *Counsel for Defendant*
                                              *The William Powell Company*