

| ATLANTA | CLEVELAND | DAYTON | WASHINGTON, D.C. |
| CINCINNATI | COLUMBUS | NEW YORK | |

August 7, 2014

*Via Hand Delivery and ECF filing*

Honorable Ronald L. Ellis
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Rita Mae Perkins, Individually and as Personal Representative of the Estate of Wayne Philip Perkins, deceased vs. Air & Liquid Systems Corporation, et al.,*
United States District Court for the Southern District of New York
Case No. 1:13-cv-08561 (CM) (RLE)

### Letter-Motion for a Pre-Motion Discovery Conference

Dear Magistrate Judge Ellis:

Per Local Rule 37.2 regarding discovery disputes, Defendant Maersk Line, Limited ("Maersk") respectfully requests a pre-motion discovery conference with the Court and plaintiff's counsel to resolve a discovery dispute pertaining to plaintiff's answers to the NYCAL[1] Fourth Amended Standard Interrogatories and Requests for Production of Documents to Plaintiffs (hereinafter "the NYCAL Interrogatories").

Although Plaintiff timely served Answers to the NYCAL Interrogatories, counsel for Maersk advised plaintiff's counsel that plaintiff's answers were deficient in the following matters:

### Prior asbestos claims, asbestos exposure, and/or asbestos-related injuries relating to Plaintiff's Decedent

- Plaintiff's failure to provide documents and information relating to prior workmen's compensation claims, disability claims and bankruptcy proof of claim forms relating to alleged asbestos injuries sustained by plaintiff's decedent (i.e., Interrogatory Nos. 19, 29 and 31 and Request for Production No. 5);
- Plaintiff's failure to provide documents and information relating to decedent's prior asbestos lawsuit in Jefferson County, MS (i.e., Interrogatory No. 30 and Requests for Production Nos. 5, 10 and 12);
- Plaintiff's failure to identify parties with whom she has settled claims for alleged asbestos-related injuries to her decedent (i.e., Interrogatory No. 35);

---

[1] Per agreement of the parties during the Case Management Conference with Judge Colleen McMahon, plaintiff's counsel agreed that plaintiff would answer the New York County Asbestos Litigation (NYCAL) Fourth Amended Standard Interrogatories and Requests for Production of Documents directed to Plaintiffs. See, e.g., Civil Case Management Plan, ¶ 2, in *Perkins*, (Doc 85 filed 5/16/2014).

Ruthe.Nepf@ThompsonHine.com       Direct Dial:    212.908.3957

| THOMPSON HINE LLP | 335 Madison Avenue | www.ThompsonHine.com |
| ATTORNEYS AT LAW | 12th Floor | Phone: 212.344.5680 |
| | New York, New York 10017-4611 | Fax: 212.344.6101 |



*Perkins – USDC-SDNY Case No. 13 Civ 8561*
P a g e | **2**

- Plaintiff's failure to provide information relating to home improvements and repairs at residential homes occupied by plaintiff's decedent (i.e., Interrogatory No. 4(a)-(c)); and,
- Plaintiff's failure to provide documents and information relating to decedent's exposure to asbestos-containing materials outside the occupational setting, such as during home or auto repairs, (i.e., Interrogatory No. 20).

### General Background Information Relating to Plaintiff's Decedent

- Plaintiff's failure to provide the adoption status of decedent's step-children (i.e., Interrogatory No. 3f); and
- Plaintiff's failure to provide a list of special damages (i.e., Interrogatory No. 27).

### Plaintiff's Failure to Sign/Verify the Discovery Responses

- Plaintiff's failure to sign/verify her discovery responses.

Counsel for Maersk advised plaintiff's counsel (Alex Straus) of the foregoing deficiencies via emails dated June 24, 2014 and July 23, 2014 and by telephone on June 24, 2014. The parties have been unable to resolve the discovery dispute on their own. Accordingly, Maersk respectfully requests a pre-motion discovery conference.

Respectfully,

Ruthe Nepf
*Counsel for Defendant Maersk Line, Limited*

cc:   All Counsel of Record (via ECF filing)

PH#9909