UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITA MAE PERKINS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WAYNE PHILIP PERKINS, DECEASED, <br><br> Plaintiffs, <br><br> -against- <br><br> AIR & LIQUID SYSTEMS CORPORATION, *et al.* <br><br> Defendants. | Civil Action No. 1:13-cv-08561-CM <br><br> Hon. Colleen McMahon <br><br> **NOTICE OF MOTION** |

PLEASE TAKE NOTICE, that upon the accompanying Affirmation in Support of defendant **SVI CORPORATION's ("SVI")** Motion to Dismiss and exhibits attached thereto, and upon all the pleadings and proceedings heretofore and herein, defendant SVI will move this Court, pursuant to Fed. R. Civil Procedure 12(b)(5-6) for an Order granting Motion to Dismiss on the grounds that plaintiffs have failed to state a claim upon which relief could be granted insofar as their claims are barred by Alabama law.

PLEASE TAKE FURTHER NOTICE, that pursuant to the briefing schedule as set by the Court, answering papers, if any, are to be served upon the undersigned at prior to the return date of the motion..

Dated: New York, New York
October 3, 2014

                                                  Yours etc.,

                                                  McGIVNEY & KLUGER, P.C.
                                                  Attorneys for Defendant
                                                  SVI CORPORATION

                                                  By: _____
                                                       Lee D. Schneider, Esq.
                                                       80 Broad Street, 23rd Floor
                                                       New York, New York 10004
                                                       (212) 509-3456

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITA MAE PERKINS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WAYNE PHILIP PERKINS, DECEASED,<br><br>Plaintiffs,<br><br>-against-<br><br>AIR & LIQUID SYSTEMS CORPORATION, *et al.*<br><br>Defendants. | Civil Action No. 1:13-cv-08561-CM<br><br>Hon. Colleen McMahon<br><br>**PRE-ANSWER AFFIRMATION IN SUPPORT OF MOTION TO DISMISS** |

LEE D. SCHNEIDER, an attorney licensed to practice law in the Courts of the State of New York, hereby affirms under penalties of perjury as follows:

1. I am an associate with the firm of McGivney & Kluger, P.C., attorneys for the defendant SVI CORPORATION ("SVI") and as such, am fully familiar with the facts and circumstances surrounding this action based upon my review of the file maintained by this office for the defense of this action.

2. This affirmation is submitted in support of SVI's motion to dismiss the Complaint pursuant to Rule 12(b)(5-6) of the Federal Rules of Civil Procedure on the grounds that (1) plaintiffs have failed to effectuate sufficient service of process on SVI and (2) plaintiffs have failed to state a claim upon which relief could be granted insofar as their claims against SVI are barred by Alabama law.

**PRELIMINARY STATEMENT**

3. With the consent of a majority of its shareholders, on September 22, 2006, SVI adopted its Articles of Dissolution, dissolving the corporation pursuant to Alabama Code § 10-

{N0336556-1}

2B-14.03.[1]  A copy of SVI's Articles of Dissolution, dated September 22, 2006, is attached hereto as **Exhibit "A"**.

4. SVI's Articles of Dissolution was duly filed with the Probate Judge of Shelby County, Alabama, as well as the Alabama Secretary of State on October 12, 2006. A copy of Alabama Secretary of State Beth Chapman's certification of SVI's corporate dissolution is attached as **Exhibit "B"**.

5. On January 25, 2007, in accordance with Ala. Code § 10-2B-14.07,[2] SVI published a "Notice of Voluntary Dissolution of a Corporation" ("Notice"). In the Notice, SVI expressly stated that a "claim against [SVI] will be barred unless a proceeding to enforce the claim is commenced within two years after the publication of this Notice." A copy of SVI's Notice of Voluntary Dissolution of a Corporation is attached as **Exhibit "C"**.

6. The Notice was published in the Birmingham News pursuant to Ala. Code § 10-2B-14.07 on January 25, 2007, on page 4F. A copy of the Notice as published in the Birmingham News is attached as **Exhibit "D"**.

7. The two year statutory period as specified in the Notice expired on January 25, 2009. Thereafter, plaintiff Rita Mae Perkins commenced the current action against SVI on September 27, 2013, through the filing of the Summons and Complaint in the Supreme Court of New York, New York County. A copy of plaintiff's New York County Summons and

---

[1] At the time of the dissolution process, Ala. Code §§ 10-2B-14.01 to 10-2B-14.05 prescribed the procedures by which Alabama corporations were dissolved, how they resolved known and unknown claims, and the time limits associated with the resolution of unknown claims. This section the Code, while remaining substantively the same, was subsequently re-codified as Ala. Code §§ 10A-2-14.01 to 10A-2-14.05. For ease of reference and chronological consistency, this affirmation will cite to the original sections of the Code that were in effect at the time of the dissolution process.

[2] At the time of the dissolution process Ala. Code § 10-2B-14.07 prescribed the notice procedures for dissolved Alabama corporations and set forth the two year time limit within claims had to be filed. This section the Code, while remaining substantively the same, was subsequently re-codified as Ala. Code § 10A-1-9.22. As with the above, for ease of reference and chronological consistency, this affirmation will cite to the original sections of the Code that were in effect at the time of the dissolution process.

{N0336556-1}

Complaint is attached as **Exhibit "E"**. This matter has since been removed to federal court by co-defendant Viad Corp. To date, SVI has not been duly served with a copy of said Summons and Complaint.

8.  Given the above facts, this Court is therefore faced with the same scenerio the New York County Supreme Court faced in the *Arthur Herlihy* matter, where, under the exact same circumstances, it granted SVI's motion to dismiss on January 10, 2012, finding that there was no reason "why the Alabama statute should not be given full force and effect", and dismissing the claims against SVI as time-barred. A copy of the *Herlihy* decision is attached as **Exhibit "F"**. Here, as it was in *Herlihy*, based upon the proper dissolution procedures followed by SVI pursuant to the relevant Alabama statutes, and the filing of the Complaint against SVI over four years after the expiration of the two year statutory period, the relief requested through the formal motion to dismiss is appropriate. Here, as it was in *Herlihy*, the Complaint at issue was simply filed well beyond the time limit provided for in the relevant Alabama statute, compelling dismissal of plaintiff's Complaint.

## ARGUMENT

### A. SVI IS ENTITLED TO DISMISSAL OF THIS MATTER DUE TO INSUFFICIENT SERVICE OF PROCESS.

9.  It is will settled that a defendant is entitled to dismissal of a complaint in the event of insufficient service of process. See F.R.C.P. 12(b)(5).

10. In this case, the action was commenced on September 27, 2013, and as such plaintiffs had until January 2014 to effectuate service on SVI. Given that plaintiffs have not, to date, served a copy of the Summons and Complaint on SVI, this action must be dismissed against SVI. See F.R.C.P. 12(b)(5).

### B.   SVI Is Entitled To Dismissal Of All Claims Filed Against It In New York State After January 25, 2009.

11.   It is additionally settled that a defendant is entitled to dismissal of a Complaint if, on its face, the Complaint fails to state a claim upon which relief can be granted. See F.R.C.P. 12(b)(6). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (U.S. 2007) ATSI *Communs., Inc. v. Shaar Fund, Ltd.*,, 493 F.3d 87, 98 (2d Cir. N.Y. 2007) Under this standard, SVI is entitled to dismissal, as it is clear from the Complaint that plaintiff has no cause of action against SVI.

12.   The issue of whether a dissolved corporation may be subject to suit is governed by the laws of the dissolved corporation's state of incorporation. This rule has been consistently applied in New York. See *Republique Francaise v. Cellosilk Mfg. Co.*, 309 N.Y. 269, 278 (1955) (Illinois law applied to dissolved Illinois corporation); *Mock v. Spivey Co.*, 167 A.D.2d 230 (1st Dept. 1990) (action against defendant properly dismissed based upon the provisions of Pennsylvania law which permits suit against a dissolved corporation only within two years of dissolution); *Bayer v. Sarot*, 51 A.D.2d 366 (1st Dept. 1976) (complaint dismissed against Pennsylvania corporation where Pennsylvania law provides that a dissolved corporation is amenable to suit for up to two years after dissolution); *Herlihy v. A.F. Supply Corp.*, 2012 N.Y. Slip Op. 30070U (see Ex. F, complaint dismissed against Alabama corporation where Alabama dissolution statutes permitted suit against a dissolved corporation only up to two years after dissolution). Thus, as to corporate dissolution, New York Courts are bound to apply the laws governing the state where a foreign corporation is incorporated. In the matter at hand, SVI was incorporated in Alabama.

{N0336556-1}

13. Under the relevant Alabama statutes, an Alabama corporation may dissolve itself at anytime by "delivering to the probate judge for filing articles of dissolution setting forth: (1) the name of the corporation; (2) the date dissolution was authorized; (3) if dissolution was approved by the shareholders: (i) the number of votes entitled to be cast on the proposal to dissolve; and (ii) either the total number of votes cast for and against dissolution or the total number of undisputed votes cast for dissolution and a statement that the number cast for dissolution was sufficient for approval." Ala. Code § 10-2B-14.03.

14. Here, SVI adopted Articles of Dissolution stating shareholders duly authorized the company to dissolve itself on November 14, 2005, with 5,758.277 of the 8,338.495 shares of common stock voting in favor of dissolution. See Ex. A.

15. SVI's Articles of Dissolution were then, as certified by the Alabama Secretary of State, duly delivered to the Probate Judge of Shelby County, Alabama. See Ex. B. Accordingly, SVI dissolved itself pursuant to the relevant laws of the State of Alabama.

16. Furthermore, under the relevant Alabama statutes, a dissolved Alabama corporation "may also publish notice of its dissolution and request that persons with claims against the corporation present them in accordance with the notice." Ala. Code § 10-2B-14.07. This notice must be "published one time in a newspaper of general circulation in the county where the dissolved corporation's principal office…is or was last located", must describe "the information that must be included in a claim and provide a mailing address where the claim may be sent", and must state "that a claim against the corporation will be barred unless a proceeding to enforce the claim is commenced within two years after the publication of the notice." *Id.*

17. Here, in accordance with the relevant statute, SVI published the Notice in the Birmingham News on January 25, 2007. See Ex. D. In the Notice, SVI provided a mailing

address for claims to be forwarded to and described the specific information that each claimant must provide.

18.  The Notice also provided that all claims against the corporation must be made within the statutory two year time limit. See Exs. C and D. Accordingly, pursuant to the relevant Alabama statutes, all claims against SVI had to have been made by January 25, 2009.

19.  In the matter at hand, plaintiffs did not commence his action against SVI until September 27, 2013, with the filing of their Summons and Complaint, over four years after the expiration of the two year window in which to file claims. See Ex. E.

20.  Given the above, plaintiff's claims against SVI are therefore barred by the two year limit provided for under Alabama law. Here, as it was in *Herlihy*, dismissal is fully warranted, and plaintiff's Complaint, along with all cross-claims, as against SVI, should be dismissed, as plaintiffs have failed to state a cause of action insofar as their claims are barred by Alabama law.

## CONCLUSION

21.  For all of the above reasons, this Court should grant SVI's motion to dismiss.

22.  No previous application has been made to this or any other Court for the relief sought herein.

{N0336556-1}

WHEREFORE, it is respectfully requested that SVI's motion to dismiss be granted, dismissing with prejudice plaintiff's Complaint, as well as all cross-claims, in its entirety as to SVI and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 3, 2014

                                        Respectfully submitted,
                                        McGivney & Kluger, P.C.

                                        By: _____
                                               Lee D. Schneider
                                             Attorneys for Defendant
                                             SVI CORPORATION
                                             80 Broad Street, 23rd Floor
                                             New York, New York 10004
                                             (212) 509-3456